UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

GERMAN AISPURO MEDINA,

                Defendant.

**ORDER**

18 Cr. 770 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        On May 9, 2019, Defendant German Aispuro Medina pled guilty to distributing and possessing with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(b)(1)(B). (Pre-Sentence Report ("PSR") (Dkt. No. 48) at 7)[1] On November 12, 2019, this Court sentenced the Defendant to 100 months' imprisonment. (Judgment (Dkt. No. 46))

        On September 20, 2024, Medina filed a <u>pro se</u> motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. (Dkt. No. 47)

        On October 8, 2024, the Probation Department submitted a Supplemental Pre-Sentence Report stating that Medina is not eligible for relief under Amendment 821. (Supp. PSR (Dkt. No. 48) at 1-3)

        18 U.S.C. § 3582(c)(2) provides that,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in

---

[1] The page numbers of documents referenced in this opinion correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); see also U.S.S.G. §1B1.10 ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . , the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. §3582(c)(2).")

Section 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 [of the Sentencing Guidelines] before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Dillon v. United States, 560 U.S. 817, 826 (2010). Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." See also U.S.S.G. §1B1.10 n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).").

Amendment 821 to the Sentencing Guidelines – which became effective on November 1, 2023, and which applies retroactively[2] – changes the calculation of criminal history points for defendants who committed their offense while "under any criminal justice sentence,"

---

[2] See Amendment to the Sentencing Guidelines, United States Sentencing Commission (Aug. 31, 2024), available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf.

2

whether parole, probation, supervised release, or otherwise. Prior to the November 1, 2023 amendment, U.S.S.G. § 4A1.1(d) provided that courts should "[a]dd 2 [criminal history] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. §4A1.1(d) (2021 ed.). As a result of the November 1, 2023 amendment, U.S.S.G. § 4A1.1(e) now provides that courts should "[a]dd 1 [criminal history] point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d) [of U.S.S.G. § 4A1.1], and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. §4A1.1(e) (2023 ed.).

Amendment 821 also provides for a two-level reduction in offense level for certain defendants who have no criminal history points. In the new Section 4C1.1 of the Sentencing Guidelines, a two-level reduction is appropriate

> [i]f the defendant meets all of the following criteria:
>
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

3

>    (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>
>    (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. §4C1.1(a).

Here, Defendant Medina contends that application of Amendment 821 to his offense of conviction results in a lower Sentencing Guidelines range, rendering him eligible for a sentence reduction. (Def. Br. (Dkt. No. 47) at 1)

In the original Pre-Sentence Report, the Probation Department concluded that Medina's total offense level was 27. The Probation Department further concluded that Medina had nine criminal history points based on three prior convictions, which placed him in Criminal History Category IV. (PSR (Dkt. No. 48) ¶¶ 28, 32-35) In his sentencing submission, Medina agreed that his total offense level was 27, and that he fell within Criminal History Category IV. (Def. Sent. Br. (Dkt. No. 44) at 1)

In the Supplemental Pre-Sentence Report, the Probation Department concludes that Medina is not eligible for Amendment 821's two-level reduction for defendants with zero criminal history points, because he had nine criminal history points at the time of sentencing. See Supp. PSR (Dkt No. 48) at 2; see also U.S.S.G. §4C1.1(a).

The Probation Department further concludes that Medina is not eligible for relief under that portion of Amendment 821 that addresses the calculation of criminal history points, because he did not receive additional criminal history points under U.S.S.G. §4A1.1(d) for "commit[ting] the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." See id.; see also U.S.S.G. §4A1.1(d) (2021 ed.).

4

This Court agrees with the Probation Department's analysis. Because application of Amendment 821 does not "lower[] the applicable guideline range" for Medina's offense of conviction, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. §1B1.10 n.1(A).

Accordingly, Medina's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is denied. The Clerk of Court is directed to terminate the motion (Dkt. No. 47).

Dated: New York, New York
       November 15, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

5